## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES MARK KING, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| GCA EDUCATION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

COMES NOW Plaintiff, by and through his attorneys, and asserts his claims against Defendant under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), for overtime pay compensation and other relief on the grounds set forth as follows:

## INTRODUCTION

1.

This is an action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. 201, et seq. in which Plaintiff contends that that he was misclassified as exempt from the FLSA's overtime pay requirements, and therefore regularly worked in excess of forty (40) hours per week without receiving overtime pay as required by section 207 of the FLSA.

## JURISDICTION AND VENUE

### 2.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

### 3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant GCA Education Services, Inc.'s registered agent is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## PARTIES

### 4.

Plaintiff James Mark King ("King") is a natural person and citizen and resident of the State of Georgia and is entitled to bring actions of this kind and nature.

### 5.

Defendant GCA Education Services, Inc. ("GCA") is a foreign corporation existing under the laws of the State of Tennessee and is subject to the jurisdiction of this Court. GCA may be served with process via service on its registered agent for service, CT Corporation System at 1201 Peachtree Street, NE Atlanta, Georgia 30361.

6.

Defendant GCA is subject to the personal jurisdiction of this Court.

7.

Defendant GCA is a company which provides custodial, grounds and facility maintenance services to school districts, colleges and universities, including janitorial, office cleaning, carpet cleaning and floor maintenance services in multiple states, including Pennsylvania and Georgia.

8.

Defendant GCA employed King from approximately November 4, 2013 through September, 2016.

9.

During Plaintiff's employment with Defendant, Plaintiff held the job title of Account Manager.

10.

In the years 2014, 2015 and 2016, Defendant obtained a contract to provide custodial services to Gainesville, Georgia, Hall County School System and Marietta City Schools.

11.

During the time period King was employed by GCA, he was assigned to the Hall County School System account, which consisted of providing custodial services for 9 schools and assisting with the physical labor of 22 additional schools managed by two other Account Managers, and the Marietta City Schools account, which consisted of providing custodial services to 14 buildings, including 12 schools, a transportation center and the central office.

12.

Plaintiff worked 5-6 days per week during the school calendar year of August through May.

13.

Plaintiff worked approximately 70 hours per week during the school calendar year of August through May.

14.

During the time period Plaintiff was employed, Defendant was experiencing a chronic shortage of manpower.

15.

During the school year of August through May, Plaintiff would spend approximately 30 hours per week performing manual janitorial labor at the buildings serviced by Defendant.

16.

During the school year of August through May, Plaintiff would spend approximately forty percent of his work time performing manual janitorial labor at the buildings serviced by Defendant.

17.

Such manual labor included stripping and waxing floors and cleaning classrooms and lunchrooms.

18.

During the school year of August through May, Plaintiff's primary duty was not the performance of office or non-manual work directly related to management or general business operations of Defendant or Defendant's customers.

19.

During the school year of August through May, Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

20.

During the school summer recess, from approximately late May though early August 2014, Plaintiff's duties included performing manual labor as a custodian at 9 schools assisting other Account Managers perform labor at 23 additional locations.

21.

From approximately June 1, 2015 through July 31, 2015, Plaintiff worked 5-6 days per week at Defendant's warehouse in Gainesville, Georgia.

22.

From approximately June 1, 2015 through July 31, 2015, Plaintiff worked approximately 12 hours per day and approximately 60 hours per week at Defendant's warehouse in Gainesville, Georgia.

23.

While working at Defendant's Gainesville, Georgia warehouse, Plaintiff spent the vast majority of his time performing manual labor, such as cleaning equipment, including floor scrubbers.

24.

While working at Defendant's Gainesville, Georgia warehouse, Plaintiff did not supervise any other employees of Defendant.

25.

While working at Defendant's Gainesville, Georgia warehouse, Plaintiff's primary duty was not the performance of office or non-manual work directly related to management or general business operations of Defendant or Defendant's customers.

26.

While working at Defendant's Gainesville, Georgia warehouse, Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

27.

During the school summer recess, from approximately late May though early August 2016, Plaintiff worked 6-7 days per week stripping and waxing floors at Marietta High School and other schools.

28.

During the school summer recess, from approximately late May though early August 2016, Plaintiff spent approximately 55-65 hours per week stripping and waxing floors at Marietta High School and other schools.

29.

During the school summer recess, from approximately late May though early August 2016, Plaintiff did not supervise any employees of Defendant.

30.

During the summer recess, from approximately late May through early August, Plaintiff's primary duty was not the performance of office or non-manual work directly related to management or general business operations of Defendant or Defendant's customers.

31.

During the summer recess, from approximately late May through early August, Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

32.

Defendant GCA was and is an "employer" of Plaintiff and the class he represents as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

33.

Defendant GCA is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) and has been in each of the years 2014, 2015 and 2016.

34.

In 2014, GCA had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

35.

In 2014, GCA had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

36.

Upon information and belief, in 2014, GCA had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

37.

In 2015, GCA had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

38.

In 2015, GCA had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

39.

Upon information and belief, in 2015, GCA had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

40.

In 2016, GCA had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

41.

In 2016, GCA had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

42.

Upon information and belief, in 2016, GCA had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

43.

In each of years 2014, 2015 and 2016, two or more employees of GCA, including Plaintiff, used or handled the following items that moved in interstate commerce that were necessary for performing GCA's commercial purpose: cleaning chemicals, janitorial supplies, specialized machines and cell phones.

44.

Plaintiff was paid a salary and was not paid an hourly rate.

45.

Plaintiff's work period consisted of a seven-day calendar week.

46.

The work period for Plaintiff began on Sunday and ended on Saturday.

47.

The work done by Plaintiff represents was an integral and essential part of Defendant's business.

48.

At all times material hereto, the position of Account Manager did not require a professional license.

49.

At all times material hereto, the position of Account Manager did not require a four-year college degree.

50.

Plaintiff did not supervise or manage two or more full time employees or their equivalent during the school year from early August through late May, when schools were session.

51.

During the school year from early August through late May, the custodians and other janitorial staff assigned to Plaintiff's schools were supervised by a Supervisor employed by the school system.

52.

As an Account Manager, Plaintiff had no management or supervisory authority over the Supervisors employed by the school systems.

53.

As an Account Manager, Plaintiff did not supervise or manage two or more full time employees or their equivalent during the summer months when schools were not in session.

54.

At all times material hereto, GCA did not employ King in a bona fide professional capacity within the meaning of 29 USC § 213(a).

55.

At all times material hereto, GCA did not employ King in a bona fide administrative capacity within the meaning of 29 USC § 213(a).

56.

At all times material hereto, GCA did not employ King or the other Account Managers in a bona fide executive capacity within the meaning of 29 USC § 213(a) during the workweeks when each did not supervise two full-time employees or the equivalent number of work hours.

57.

At all times material hereto, Plaintiff King was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

58.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime wage requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

59.

Plaintiff was required to be compensated by Defendant at time and one half of his regular rate for all hours worked in excess of forty (40) in any given workweek.

60.

Defendant knew or should have known that Plaintiff was not exempt from the overtime pay requirements of the FLSA when they misclassified him as exempt.

61.

Upon information and belief, by classifying Plaintiff as exempt from the overtime pay requirements of the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that such practice was permitted under the FLSA.

62.

Upon information and belief, by classifying Plaintiff as exempt from the overtime pay requirements of the FLSA, Defendant has not relied on any legal advice indicating that such practice was permitted under the FLSA.

63.

Defendant has failed and refused to adequately compensate Plaintiff at the legally required rate of time and one half of his regular rate for all hours worked in excess of forty (40) and has willfully refused to rectify the situation.

64.

Defendant is liable to Plaintiff for compensation for any and all time worked over forty (40) hours per week during at the rate of time and one half of his regular hourly rate.

65.

Defendant's conduct constitutes willful violations of 29 U.S.C. § 207 and 215 of the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF
## COUNT ONE

## VIOLATION OF 29 U.S.C. §§ 207 AND 215
## (Overtime Pay Violations)

66.

Paragraphs 1 through 65 are incorporated herein by this reference.

67.

Throughout Plaintiff's employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours per week.

68.

Defendant paid Plaintiff no wages at all for the overtime hours worked by him in such workweeks.

69.

The position of Account Manager, as defined by the actual work performed by Plaintiff, did not qualify for the executive exemption because his primary duty was not management of the enterprise or a subdivision thereof, but that of manual and physical labor.

70.

The position of Account Manager, as defined by the actual work performed by Plaintiff, did not qualify for the administrative exemption because his primary duty was not the performance of office or nan-manual labor directly related to the management or business operations of the Defendant or its customers, but that of manual and physical labor.

71.

The position of Account Manager, as defined by the actual work performed by Plaintiff, did not qualify for the administrative exemption because his primary duty did not involve the exercise of discretion and independent judgment with respect to matters of significance.

72.

Defendant has failed and refused to adequately compensate Plaintiff at the legally required overtime wage for all work hours over forty (40) in any and every given workweek and has willfully refused to rectify the situation.

73.

Defendant's failure to compensate Plaintiff at the overtime rate of time and one half of his regular hourly rate for all hours actually worked over forty (40) hours per week is a violation of §§ 207 and 215 of the Fair Labor Standards Act of 1938, as amended. Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for unpaid overtime wage compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request that this Court:

(a)    Take jurisdiction of this matter;

(b)    Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(c)    Grant a trial by jury as to all matters properly triable to a jury;

(d)     Issue a judgment declaring that Plaintiff was covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(e)     Award Plaintiff proper payment for each overtime hour worked in any and every given workweek for the three years preceding the filing of this Complaint, calculated at the rate of time and one half the regular hourly rate paid to Plaintiff by Defendant, and liquidated damages equaling 100% of the overtime wages due to Plaintiff, as required by the FLSA;

(f)     Award Plaintiff prejudgment interest on all amounts owed;

(g)     Award Plaintiff nominal damages;

(h)     Award Plaintiff his reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(i)     Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 29th day of December, 2016.

/s/ Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888
Charles R. Bridgers
Georgia Bar No. 080791

**DELONG, CALDWELL, BRIDGERS,
FITZPATRICK & BENJAMIN, LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150 Telephone
(404) 979-3170 Facsimile
benjamin@dcbflegal.com
charlesbridgers@dcbflegal.com               ATTORNEYS FOR PLAINTIFF