# SETTLEMENT AGREEMENT

This settlement agreement ("Agreement") is made and entered into by and between James Mark King ("Plaintiff" or "King"), and GCA Education Services, Inc. ("Defendant" or "GCA").

WHEREAS, Plaintiff has filed a lawsuit now pending against Defendant in the U.S. District Court for the Northern District of Georgia, *James Mark King v. GCA Education Services, Inc.,* Case No. 1:16-cv-04791-MHC (the "Lawsuit"), asserting claims under the Fair Labor Standards Act;

WHEREAS, Defendant denies all allegations made in the Lawsuit;

WHEREAS, Plaintiff and Defendant (collectively the "Parties") desire to settle fully and finally any and all of Plaintiff's claims arising out of the Lawsuit;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is agreed by and between the parties as follows:

1.  <u>Consideration</u>.  In consideration for this Agreement:

    a.  Defendant will pay Plaintiff the gross amount of $16,000.00, payable in two checks. The first check will be payable to King for wages alleged to be owed in the gross sum of $8,000.00 (Eight Thousand Dollars and No Cents), less all applicable withholdings, and for which Defendant shall issue a W-2. The second check will be made payable to King for alleged liquidated damages in the gross sum of $8,000.00 (Eight Thousand Dollars and No Cents), and for which Defendant shall issue a 1099 form designating this payment as "other income." King will complete and provide W-4 and W-9 forms in advance of these payments.

    b.  Defendant will pay to Plaintiff's counsel the gross amount of $24,000.00 (Twenty Four Thousand Five Hundred Dollars and No Cents), reflecting Plaintiff's attorneys' fees and costs in connection with the Lawsuit. This check is payable to Mitchell B. Benjamin, LLC. Defendant further requires completion of a W-9 by Plaintiffs' counsel before payment can be issued and will issue a 1099 for this payment. Defendant further agrees to pay all invoices from David Nutter or Miles Mediation & Arbitration Services for the mediation held on December 20, 2017.

    c.  The payments in 1.a and b. above shall be mailed to Plaintiff's counsel within ten (10) business days after the occurrence of the last of the following required conditions precedent: 1) Plaintiff signs this Agreement; 2) Defendant receives the required tax identification information from Plaintiff and Plaintiff's counsel; and 3) the Court grants the Motion for Approval of Settlement to be filed jointly by the parties. Defendant agrees to draft the settlement agreement and the motion for

approval of settlement to be submitted to the Court by December 29, 2017. Each party agrees to bear its own fees and costs in connection with any other work required for completion of the settlement. Plaintiff further agrees to file a stipulation of dismissal with prejudice to be filed at the time of filing of the Motion for Approval of Settlement.

d.   Plaintiff agrees that the foregoing constitutes an accord and satisfaction and a full and complete settlement of his claims in the Lawsuit and constitutes the entire amount of monetary consideration to be provided to Plaintiff pursuant to this Agreement. Plaintiff affirms that he has now been paid all compensation, wages, overtime, bonuses, commissions, benefits, business expense reimbursements, leave (paid and unpaid), and other payments of any kind that the Released Parties should have paid or provided to Plaintiff in the past other than that specifically provided for in this Agreement. Plaintiff agrees that he will not seek any further compensation for any other claimed damage, costs or attorneys' fees in connection with the matters encompassed in this Agreement.

e.   Plaintiff acknowledges and agrees that Defendant has made no representations to Plaintiff regarding the tax consequences of any amounts received by Plaintiff or his counsel pursuant to this Agreement. Plaintiff agrees to pay federal or state taxes that are required by law to be paid with respect to this Agreement. In the event that Defendant is notified by any taxing authority that a portion of said settlement amount should have been withheld, Plaintiff shall be notified within twenty (20) days by Defendant in order to allow Plaintiff to contest any such alleged obligation. If it is finally determined that Defendant are required to pay both its tax obligation and the tax obligation of Plaintiff regarding the settlement amount paid to Plaintiff, then Plaintiff will indemnify Defendant for payment of Plaintiff's tax obligation and any related assessed interest and penalties.

2.   <u>No Pending Actions And Covenant Not to Sue</u>.  With the exception of the Lawsuit referenced above, filed in federal court, Plaintiff represents he has not filed any complaint or charge alleging failure to pay wages due against Defendant, its officers, agents, directors, supervisors, employees or representatives, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners, successors and/or assigns with any state, federal or local agency or court, and that Plaintiff will not do so at any time hereafter. Should Plaintiff violate this provision, Plaintiff shall be liable to Defendant for its reasonable attorneys' fees and other litigation costs and expenses incurred in defending such action. Each signatory hereby warrants and represents that they have authority to bind the party or parties for whom such person acts, even those who are not signatories hereto, and further warrants and represents that the claims, suits, rights, and/or interests which are the subject matter of this litigation are owned by the party asserting same and have not been assigned, pledged,

transferred or sold, except in connection with any fee agreement that such party has entered into with his or her counsel of record.

3.   <u>Release of Wage – Related Claims by Plaintiff</u>.  Plaintiff, without limitation, hereby irrevocably and unconditionally releases and forever discharges Defendant, and Defendant's officers, agents, directors, supervisors, employees, representatives, attorneys, divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors, and all persons acting by, through, under, or in concert with any of them from any and all charges, complaints, claims, causes of action, debts, sums of money, controversies, agreements, promises, damages and liabilities related in any way to any alleged failure to properly pay Plaintiff for all time worked and/or work performed, including wages of any kind or nature whatsoever, arising under state, federal or local law or common law, including but not limited to, overtime, on-call pay, bonuses, commissions, benefits (paid and unpaid), business expense reimbursements, and other payments of any kind.  All such claims, including related attorneys' fees and costs, are forever barred by this Agreement without regard to whether those claims are based on any alleged breach of a duty arising in contract or tort; any alleged unlawful act, any other claim or cause of action; and regardless of the forum in which they might be brought.

4.   <u>No Admission</u>.  This Agreement and compliance with this Agreement shall not be construed as an admission by Defendant or Defendant's employees of any liability whatsoever, or as admission by Defendant of any violation of the rights of Plaintiff, violation of any order, law, statute, duty or contract whatsoever. Defendant specifically disclaims any liability to Plaintiff for any alleged violation of the Fair Labor Standards Act or any other wage-related order, law, statute, duty or contract.

5.   <u>Last Day of Employment</u>.  Plaintiff's last day of employment with Defendant was September 9, 2016.   Plaintiff will not apply for reemployment, will not be reinstated and waives any rights to reinstatement.

6.   <u>Confidentiality</u>.  The nature and terms of this Agreement are strictly confidential, and they have not been and shall not be disclosed by Plaintiff at any time to any person other than Plaintiff's lawyer, Plaintiff's accountant, a governmental agency, or Plaintiff's immediate family without the prior written consent of an officer of GCA, except as necessary in any legal proceedings directly related to the provisions and terms of this Agreement, to prepare and file income tax forms, or pursuant to court order after reasonable notice to GCA. Plaintiff agrees to say simply that the Lawsuit was "resolved by mutual agreement" or "the matter was satisfactorily resolved by the parties" in response to any inquiries.  Plaintiff further represents that no disclosures inconsistent with this Paragraph have been made by Plaintiff prior to the date of execution of this Agreement.  In the event that Plaintiff breaches any of the promises contained in this Paragraph, GCA Education Services shall be entitled to recover its reasonable attorneys' fees and other costs in the event it prevails in a proceeding to enforce any of the provisions

of this Paragraph.   The parties agree that damages for any breach of this Paragraph would be of a nature and extent so as to not be easily determinable. Notwithstanding the above, nothing in this Paragraph or Agreement shall prohibit Plaintiff from testifying, assisting, or participating in a governmental or regulatory agency investigation, hearing, or proceeding.

7.     <u>Severability</u>.   Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms or provisions shall not be effected thereby and said illegal, unenforceable, or invalid term, part or provision shall be deemed not to be a part of this Agreement.

8.     <u>Entire Agreement and Modification</u>.  The parties represent and acknowledge that in executing this Agreement they do not rely and have not relied upon any representation or statement made by any of the parties or by any of the parties' agents, attorneys or representatives with regard to the subject matter or effect of this Agreement or otherwise, other than those specifically stated in this written Agreement.  This Agreement may only be amended or modified by a writing signed by the parties hereto.  Any waiver of any provision of this Agreement shall not constitute a waiver of any other provision of this Agreement unless expressly so indicated.

9.     <u>Interpretation and Governing Law</u>.   This Agreement shall be interpreted in accordance with the plain meaning of its terms and not strictly for or against any of the parties hereto.  This Agreement is made and entered into in the State of Georgia and shall in all respects be interpreted, enforced and governed by and under the laws of the State of Georgia.

10.    <u>Attorneys' Fees</u>.  In any action brought to enforce this Agreement or an alleged breach of this Agreement, the prevailing party shall be entitled to recover his/its reasonable attorneys' fees and costs.

11.    <u>Voluntary Agreement</u>.  Plaintiff understands and agrees as follows:

   a.     Plaintiff has had a reasonable time within which to consider this Agreement before executing it.

   b.     Plaintiff has carefully read and fully understands all of the provisions of this Agreement, which is written in a manner that Plaintiff clearly understands.

   c.     Plaintiff is, through this Agreement, releasing Defendant, from any and all wage claims Plaintiff may have against Defendant arising before the execution of this Agreement.

   d.     Plaintiff knowingly and voluntarily agrees to all of the terms in this Agreement.



e.     Plaintiff was advised and hereby is advised in writing to consider the terms of this Agreement and consult with an attorney of Plaintiff's choice prior to signing this Agreement.   Plaintiff further acknowledges that Plaintiff has consulted with his attorney prior to signing this Agreement.

Dated: 12/20/2017                     By: _____
                                            James Mark King


Dated: 12/__/2017                     **GCA Education Services, Inc.**

                                            By: _____
                                            Name: _____
                                            Title: _____